UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
JEFFREY D. DOLE

                          Plaintiff,              05-CV-0772

                    v.                            **DECISION**
                                                  **and ORDER**
MICHAEL J. ASTRUE,[1] Commissioner
of Social Security

                          Defendant.
_____

## Introduction

     Plaintiff Jeffrey D. Dole ("Plaintiff") brings this action
pursuant to § 216(I) and § 223 of the Social Security Act (the
Act"), seeking review of a final decision of the Commissioner of
Social Security ("Commissioner"), denying his application for
disability benefits.[2] Specifically, Plaintiff alleges that the
decision of Administrative Law Judge ("ALJ") Arthur L. Conover, as
affirmed by the Social Security Appeals Council ("Council"),
denying his application for benefits was against the weight of
substantial evidence contained in the record and was contrary to
applicable legal standards.

     The Commissioner moves for judgment on the pleadings pursuant
to Fed. R. Civ. P. 12(c) ("Rule 12(c)"), on grounds that the ALJ's

---

     [1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule
25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted for his predecessor Commissioner
JoAnne B. Barnhart as the proper defendant in this suit.

     [2] This case was transferred to the undersigned by the Honorable Richard J. Arcara, Judge, United States
District Court for the Western District of New York by Order dated January 10, 2008.

decision was supported by substantial evidence.  Plaintiff opposes the Commissioner's motion, and cross-moves for judgment on the pleadings pursuant to Rule 12(c), on grounds that the ALJ's decision was erroneous. For the reasons set forth below, I find that the decision of the Commissioner is supported by substantial evidence, and is in accordance with applicable law. I therefore grant the Commissioner's motion for judgment on the pleadings, and deny Plaintiff's cross-motion for judgment on the pleadings.

## Background

On November 29, 2002, Plaintiff, who was then 43 years old and unemployed, protectively filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") payments claiming a disability since July 24, 2002 due to HIV and depression. (Transcript of the Administrative Proceedings at pages 62, 63,76) (hereinafter "Tr."). Plaintiff's application was denied by the Social Security Administration initially on March 7, 2003. (Tr. at 45).  Plaintiff filed a timely request for hearing on March 28, 2003. (Tr. at 51).

Thereafter, Plaintiff appeared via video conference, with counsel, at an administrative hearing before the ALJ on July 26, 2004. (Tr. at 274). In a decision dated August 27, 2004, the ALJ determined that Plaintiff was not disabled. (Tr. at 24). The decision of the ALJ became the final decision of the Commissioner when the Social Security Appeals Council denied Plaintiff's request

for review on September 2, 2005. (Tr. at 4). On October 27, 2005, Plaintiff filed this action.

## Discussion

### I.    Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Mathews v. Eldridge, 424 U.S. 319, 320 (1976). Additionally, the section directs that when considering such a claim, the Court must accept the Commissioner's findings of fact if those findings are supported by substantial evidence in the record. Substantial evidence is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 217 (1938). Section 405(g) thus limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See Monqeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating Plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). The Commissioner asserts that his decision was reasonable

and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c). Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief, judgment on the pleadings may be appropriate. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## II.   **The Commissioner's decision to deny Plaintiff benefits was supported by substantial evidence in the record.**

The ALJ found that Plaintiff was not disabled within the meaning of the Act. (Tr. at 15). In doing so, the ALJ adhered to the Social Security Administration's five-step sequential evaluation analysis for evaluating applications for disability benefits. See 20 C.F.R. § 404.1520.[3] Under step one of the process, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since his alleged onset of disability.  (Tr. at 23).

---

[3]Pursuant to the five-step analysis set forth in the regulations, the ALJ, when necessary will: (1) consider whether the claimant is currently engaged in substantial gainful activity; (2) consider whether the claimant has any severe impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities; (3) determine, based solely on medical evidence, whether the claimant has any impairment or impairments listed in Appendix 1 of the Social Security Regulations; (4) determine whether or not the claimant maintains the residual functional capacity to perform his past work; and (5) determine whether the claimant can perform other work. See id.

At Steps 2 and 3, the ALJ concluded that Plaintiff had a severe impairment of HIV. (Tr. at 23). The ALJ concluded that the impairment was severe within the meaning of the Regulations but was not severe enough to meet or equal, either singly or in combination, any of the impairments listed in Appendix 1, Subpart P of Regulations No. 4 (Tr. at 23). The ALJ found that Plaintiff's depression and previous alcohol abuse were not severe impairments. (Tr. at 17).

In determining Plaintiff's residual functional capacity ("RFC") at Step 4, the ALJ found the following exertional limitations:  the ability to lift or carry 20 pounds occasionally and 10 pounds frequently, walk no more than 10 to 15 minutes at a time, a "sit/stand option at will." (Tr. at 23). The ALJ also found the following nonexertional limitations: no climbing ladders, ropes, or scaffolds, can occasionally climb ramps and stairs, no piece rate work, and can perform work requiring only simple routine instructions. (Tr. at 23).  The ALJ found that Plaintiff is unable to perform any of his past relevant work and has no transferable skills from past relevant work. (Tr. at 23).

Finally, at Step 5, the ALJ found that considering Plaintiff's age, education, and RFC, Plaintiff is able to perform a significant range of light work and that jobs exist in the national economy in significant numbers which Plaintiff could perform. (Tr. at 23). Specifically, the ALJ found that Plaintiff can perform the jobs of

self-service    sales    attendant,    doorkeeper,    and    library
assistant.(Tr. at 23, 24).

Based on the entire record, including the medical evidence in
the record, I find that the ALJ properly concluded that Plaintiff
was not disabled within the meaning of the Act.

   A.   <u>The ALJ properly found that Plaintiff's depression is not
        a severe impairment and properly rejected the opinions of
        the consultative psychologist and state agency medical
        consultant.</u>

Plaintiff    contends    that    the    ALJ    erred    by    not    finding
Plaintiff's depression severe. (Pl. Br. at 7).

A severe impairment is one that significantly limits the
ability to perform basic work activities. 20 C.F.R. § 404.1520, §
416.920. In rating the degree of functional limitation, four broad
areas are considered: (1) activities of daily living; (2) social
functioning; (3) concentration, persistence or pace; and (4)
episodes of decompensation. 20 C.F.R. § 404.1520a.

The    ALJ    considered    Plaintiff's    statements,    consultative
psychologist Dr. Pierson's report, treatment notes from the Erie
County Medical Center ("ECMC"), and state agency medical consultant
Dr. Tzetzo's report in finding that Plaintiff's depression is not
a severe impairment. (Tr. at 17, 20, 21). Plaintiff stated that he
cooks, cleans, does laundry, takes care of his cat, uses his
computer, walks daily, is able to climb the stairs to his second
floor apartment, and socializes with friends. (Tr. at 18, 98-100,
283-86, 288-89, 292, 294). Dr. Pierson's report is consistent with

Plaintiff's statements of activities of daily living. (Tr. at 151). Dr. Tzetzo's evaluation indicated a mild restriction of activities of daily living. (Tr. at 20, 168). The ALJ stated that Plaintiff's activities of daily living are inconsistent with an individual with disabling limitations and found mild restriction of Plaintiff's activities of daily living. (Tr. at 17, 19).

In the area of social functioning, the ALJ considered Plaintiff's statements that he socializes with friends in his apartment building and with family, and also considered Dr. Pierson's report which states Plaintiff socializes mainly with family. (Tr. at 17, 19, 151). Dr. Tzetzo's evaluation indicated mild difficulties in maintaining social functioning. (Tr. at 168). The ALJ concluded that Plaintiff has mild difficulties in maintaining social functioning. (Tr. at 17).

In the area of concentration, persistence and pace, the ALJ considered Plaintiff's statements that he works crossword puzzles, uses his computer, and handles his own finances. (Tr. at 17, 100, 292). The ALJ considered Dr. Pierson's report which states that Plaintiff is able to maintain attention and concentration for jobs tasks and that his attention and concentration were intact. (Tr. at 17, 151). The ALJ also considered Dr. Tzetzo's evaluation that Plaintiff is moderately limited in maintaining concentration, persistence or pace. (Tr. at 20). The ALJ concluded that Plaintiff has mild difficulties in maintaining concentration, persistence, or

pace. (Tr. at 17). In addition, Plaintiff has not submitted any evidence of periods of decompensation, and both Dr. Pierson's and Dr. Tzetzo's reports do not indicate that Plaintiff has experienced a period of decompensation. (Tr. at 17, 149-153, 154-157). The ALJ concluded that Plaintiff has not experienced periods of decompensation. (Tr. at 17).

If the degree of limitation in the areas of activities of daily living, social functioning, and concentration, persistence, or pace are rated as "none" or "mild," and the area of periods of decompensation is rated as "none", generally the impairment is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in ability to do basic work activities. 20 C.F.R. § 404.1520a(d)(1). (See 20 C.F.R. § 404.1521 for examples of basic work activities.)

The ALJ properly gave no weight to Dr. Pierson's opinions concerning Plaintiff's ability to perform complex tasks independently, make appropriate decisions, relate adequately with others, and appropriately deal with stress in a work situation. (Tr. at 20). The ALJ may discount a consultative medical opinion for good reasons. See 20 C.F.R. § 404.1527(d). In this case, the ALJ found Dr. Pierson's opinion inconsistent with the medical record and Plaintiff's activities of daily living. (Tr. at 20).

The ALJ properly rejected Dr. Tzetzo's opinion that Plaintiff has the severe mental impairments of depressive disorder, not

otherwise specified, and alcohol dependence in early full remission. (Tr. at 20). Evidence from nonexamining sources is considered to be opinion evidence and is not binding on the ALJ. 20 C.F.R. § 404.1527(f)(2)(i). The ALJ stated that the evidence reveals that Plaintiff's depression is controlled with medication and that Plaintiff quit drinking in June 2002, before the alleged onset of disability on July 24, 2002. (Tr. at 21).

The ALJ properly discounted the opinions of both Dr. Pierson and Dr. Tzetzo in finding Plaintiff's depression is not a severe impairment by clearly stating his reasoning for his determination. I find the ALJ's determination  is supported by substantial evidence in the record.

B.   The ALJ properly considered the effect of Plaintiff's depression when combined with HIV.

The Plaintiff contends that the ALJ failed to consider the effect of depression when combined with HIV. (Pl. Br. at 7). The ALJ's determination of Plaintiff's RFC considered his non-severe impairment, depression. The ALJ's finding that Plaintiff is limited to performing simple, routine instructions and no piece-rate work is consistent with the evidence in the record. In addition, the ALJ properly rejected Dr. Hewitt's opinion that Plaintiff was umemployable for four months.

The evidence in the record supports the ALJ's determination of Plaintiff's RFC. In doing so, the ALJ properly considered treating physician Dr. Dippert's note, dated September 20, 2002, stating

that Plaintiff reported feeling "some" better and had gained weight. (Tr. at 18, 130 ). Also considered was Dr. Dippert's note, dated January 24, 2003, stating that Plaintiff reported feeling okay, other than getting fatigued easily. (Tr. at 18, 124).

The ALJ's determination of Plaintiff's RFC is consistent with ECMC treatment notes dated December 10, 2003, stating that Plaintiff's depression is stable. (Tr. at 220, 221). In ECMC treatment notes dated May 27, 2003 and August 25, 2003, Plaintiff was encouraged to increase his walking and activity. (Tr. at 226, 231). The determination is also consistent with Dr. Pierson's report which states that Plaintiff was neatly dressed and adequately groomed, his thought processes were coherent and goal directed, his affect appropriate and mood euthymic, was oriented, attention and concentration were intact, memory skills were mildly impaired, possessed average cognitive functioning, fair insight and fair judgment. (Tr. at 150-151). Dr. Pierson also states that Plaintiff is able to follow and understand simple directions and instructions, perform simple tasks under supervision, maintain his attention and concentration for job tasks, and learn new tasks. (Tr. at 151).

The ALJ's determination is also consistent with Dr. Tzetzo's report that Plaintiff would be able to perform simple job tasks, work at a consistent pace, get along with others, and make appropriate decisions in the workplace. (Tr. at 156). In addition,

Dr. Tzetzo stated that any limitations in Plaintiff's activities are primarily related to his physical impairment. (Tr. at 156).

The ALJ's RFC determination is also consistent with Plaintiff's statements concerning his activities of daily living. (Tr. at 19). The ALJ also considered Plaintiff's statements that he fatigues easily, can carry 20 pounds but not repetitively, and suffers from nausea due to his medications.(Tr. at 19).

Finally, in determining Plaintiff's RFC, the ALJ properly rejected treating physician Dr. Hewitt's opinion that Plaintiff was unemployable for four months. (Tr. at 20, 175-76). The treating physician's statement that an individual is disabled or unable to work does not mean that the ALJ is required to determine him to be disabled within the meaning of the Act. That issue is reserved for the Commissioner and, therefore the treating physician's opinion on disability is never entitled to controlling weight or any special significance. 20 C.F.R. §§ 404.1527(e); SSR 96-5p. Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999). The Social Security Administration considers the statements of the treating physicians but makes its own determination as to disability. See id.

    C.   The ALJ properly considered Plaintiff's subjective complaints.

Plaintiff contends that the ALJ did not properly assess the Plaintiff's subjective complaints. (Pl. Br at 11). In determining disability, all of Plaintiff's symptoms, including pain, must be considered, as well as the extent to which his symptoms can

reasonably be accepted as consistent with objective medical evidence and other evidence. 20 C.F.R. 404.1529(a). The intensity and persistence of symptoms, such as pain, must be evaluated to determine the extent that the symptoms limit Plaintiff's capacity for work. 20 C.F.R. 404.1529(c). Conflicts between Plaintiff's statements and the rest of the evidence are also to be considered. 20 C.F.R. 404.1529(c)(4).

The ALJ considered Plaintiff's statements that he is easily fatigued, gets tired when standing, can carry 20 pounds but not repetitively and gets nauseated from his medications. (Tr. at 19). However, the ALJ found Plaintiff to be not entirely credible. (Tr. at 19). Although Plaintiff was diagnosed as having AIDS, he responded well to treatment and gained weight. (Tr. at 19, 230-31). ECMC treatment note dated May 27, 2003, stated Plaintiff's appetite was good. (Tr. at 231). Plaintiff's weight was 132 pounds at the time that he was diagnosed with candida esophagitis in September 2002, a 30 pound weight loss since December 2001. (Tr. at 19, 127, 135). After treatment, Plaintiff's weight had increased to 152 pounds by January 2003 and by June 2004, Plaintiff had no complaints and weighed 194 pounds. (Tr. at 20, 127, 255).

In determining Plaintiff's RFC, the ALJ limited Plaintiff's walking to no more than 10 to 15 minutes at a time and included the requirement of a sit/stand option at will. (Tr. at 23). The ALJ

included these limitations due to Plaintiff's statement that he is easily fatigued and gets tired when standing. (Tr. at 18, 19). The ALJ's finding that Plaintiff could perform light work[4] with the limitations of walking no more than 10 to 15 minutes at a time due to fatigue, the requirement of a sit/stand option at will, never climbing ladders, ropes, or scaffolds, occasionally climbing ramps and stair, no piece rate work, and performing work requiring only simple routine instructions properly considers Plaintiff's subjective complaints. (Tr. at 23).

D. The ALJ properly assessed Plaintiff's work ability.

Plaintiff contends that the ALJ failed to adequately assess Plaintiff's work ability on a function-by-function basis as stated in SSR 96-8p. (Pl. Br. at 8). Specifically, Plaintiff contends that the ALJ failed to assess how many hours in a day Plaintiff can walk, how long Plaintiff can sit, stand, push, or pull. (Pl. Br. at 9). The regulations define light work as standing/walking for up to six hours in an eight hour workday. 20 C.F.R. §§ 404.1567(b), 416.967(b).

Plaintiff testified at his hearing that he had no difficulty sitting, had some difficulty standing and was able to lift up to

---

[4]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds....A job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. 404.1567(b).

twenty pounds. (Tr. at 287-289). Plaintiff made no allegation of any difficulty with his ability to push or pull. SSR 96-5p states:

> When there is no allegation of a physical or mental limitation or restriction of a specific functional capacity, and no information in the case record that there is such a limitation or restriction, the adjudicator must consider the individual to have no limitation or restriction with respect to that functional capacity.

In addition, the ALJ discussed the medical evidence in the case and made findings based on that evidence. Specifically, the ALJ concurred with Dr. Tzetzo's opinion that Plaintiff can lift or carry 20 pounds occasionally and 10 pounds frequently, and further limited Plaintiff's RFC to walking no more than 10 to 15 minutes at a time due to fatigue, and a sit/stand option at will. (Tr. at 23).

## Conclusion

For the reasons set forth above, I conclude that the ALJ's decision is supported by substantial evidence in the record and, therefore, the Commissioner's motion for judgment on the pleadings is granted. Plaintiff's cross-motion for judgment on the pleadings is denied, and Plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

DATED:    Rochester, New York
          February 5, 2008